ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| | **INDICTMENT** |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MISIONA PATANE, <br> also known as "Papalii Patane" and "Junior Patane"; and <br><br> LAVINIA PATANE, <br> also known as "Lavinia Tuiatua" <br><br> Defendants. | Counts 1-2: 18 U.S.C. § 1344, Bank Fraud <br><br> Counts 3-6: 18 U.S.C. § 1343, Wire Fraud <br><br> Counts 7-9: 18 U.S.C. § 1957, Money Laundering <br><br> Counts 10-15: 18 U.S.C. § 1028A, Aggravated Identity Theft <br><br> Count 16: 18 U.S.C. § 1201(a), Kidnapping |
| | Case: 2:21-cr-00519 <br> Assigned To : Nielson, Howard C., Jr <br> Assign. Date : 12/15/2021 |

The Grand Jury Charges:

## BACKGROUND

At all times relevant to this Indictment:

1. Defendant MISIONA PATANE, also known as "Papalii Patane" and "Junior Patane" (hereinafter, "MISIONA PATANE"), was a resident of Salt Lake County, Utah, and Utah County, Utah.

2. Defendant LAVINIA PATANE, also known as "Lavinia Tuiatua" (hereinafter "LAVINIA PATANE"), was a resident of Salt Lake County, Utah, and Utah County, Utah.

3. Defendants MISIONA PATANE and LAVINIA PATANE are married.

4. Cyprus Credit Union ("Cyprus") is a credit union whose principal place of business is in the State of Utah.

## THE SCHEME AND ARTIFICE TO DEFRAUD

5. Beginning in and around April 2015, and continuing through at least May 2020, within the Central Division of the District of Utah and elsewhere, defendants MISIONA PATANE and LAVINIA PATANE, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly devised and executed a scheme and artifice to defraud, to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

6. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant MISIONA PATANE, aided and abetted by defendant LAVINIA PATANE:

   a. Caused bank accounts to be opened in the name(s) of certain victims; however, these banks accounts were established and/or controlled by defendants MISIONA PATANE and/or LAVINIA PATANE;

   b. Created and used email accounts to impersonate a victim or a third party engaged in providing some service to the victim;

   c. Created and used email accounts to impersonate fictitious individuals

2

to further or to conceal the scheme and artifice to defraud;

7. It was the object of the scheme and artifice to defraud for defendants MISIONA PATANE and LAVINIA PATANE to obtain money from the victims through false statements, misrepresentations, deception, and omissions of material facts, and thereafter to divert the money for their own use.

8. The fraudulently obtained money was used by MISIONA PATANE and LAVINIA PATANE for their own personal benefit, including payments to credits cards belonging to LAVINIA PATANE and MISIONA PATANE, funding significant travel expenses, as well as numerous large cash withdrawals in Las Vegas.

9. It was a part of the scheme and artifice to defraud that defendants MISIONA PATANE and LAVINIA PATANE utilized two Cyprus bank accounts that they controlled to obtain money from two sets of victims in two separate, but related schemes – the P.S. Scheme, and the J.F. Scheme. One of these Cyprus bank accounts was in the name of the P.S. Foundation (described below); the other Cyprus bank account was in the name of victims P.S. and L.S. Both of these accounts were opened and used without the knowledge or authorization of P.S. or L.S.

**The P.S. Scheme**

10. Victim P.S. is a retired athlete who played a professional sport in the United States from 2007 through 2016.

11. In 2011, victim P.S. created a non-profit foundation bearing his name (hereinafter, the "P.S. Foundation"), to provide services to individuals in and/or from Samoa. P.S. served as the President of the P.S. Foundation.

12. The P.S. Foundation was funded exclusively by P.S. with money P.S. was paid during his professional career. P.S. contributed millions of dollars to the P.S. Foundation. When P.S. retired from his professional athletic career in 2016, P.S. no longer contributed funds to the P.S. Foundation and the charitable work of the P.S. Foundation stopped.

13. Beginning in 2011, MISIONA PATANE was employed by the P.S. Foundation to assist in running the foundation and served as a director of the foundation. In this capacity, MISIONA PATANE was responsible for filing the foundation's documents, overseeing the foundation's events, and managing the foundation's expenses.

14. LAVINIA PATANE served as an officer and/or treasurer of the P.S. Foundation. At least as early as 2012 and continuing into 2019, LAVINIA PATANE wrote numerous checks, made deposits, and made cash withdrawals from bank accounts in the name of the P.S. Foundation.

15. P.S. was unaware that LAVINIA PATANE had any involvement in the P.S. Foundation, did not authorize LAVINIA PATANE to have a role in the P.S. Foundation, and did not give LAVINIA PATANE permission to manage the foundation's finances or receive compensation from the P.S. Foundation.

16. Victim L.S. is the wife of P.S.

17. It was part of the scheme and artifice to defraud that, between 2015 and 2017, the personal tax refunds belonging to victims P.S. and L.S. were diverted to bank accounts controlled by MISIONA PATANE and LAVINIA PATANE without the knowledge or

authorization of P.S. or L.S. In total, approximately $1.25 million of personal tax refunds belonging to victims P.S. and L.S. was diverted to bank accounts controlled by MISIONA PATANE and LAVINIA PATANE, to include but not limited to the two Cyprus bank accounts in the names of the P.S. Foundation, and P.S. and L.S.

18. It was part of the scheme and artifice to defraud that, in 2016 and 2017, MISIONA PATANE falsely represented to be P.S. in email communications to divert personal tax refunds to the Cyprus bank account in the name of P.S. and L.S.

**The J.F. Scheme**

19. Victim J.F. is a 26-year-old male who currently resides in Utah.

20. When J.F. was twenty months old, he was in a car accident and sustained a permanent traumatic brain injury. J.F.'s mother was killed in the accident. J.F.'s father also sustained a permanent traumatic brain injury and was disabled until he passed away in 2008.

21. A trust was established to manage J.F.'s money (hereinafter, the "J.F. Trust").

22. At all times relevant to this indictment, J.F. was under the care of a Utah court-monitored conservatorship. As part of the conservatorship proceedings, two family members were appointed as co-guardians to manage his financial and daily affairs due to the brain injury he suffered when he was a child. The co-guardians could authorize expenditures of funds from the J.F. Trust.

23. It was part of the scheme and artifice to defraud that, beginning in or around October 2016 and continuing through 2018, MISIONA PATANE, aided and abetted by LAVINIA PATANE, stole large sums of money from the J.F. Trust, under the guise of helping to provide services and pay for expenses for J.F. In total, approximately $2.4 million was diverted from the J.F. Trust to bank accounts controlled by LAVINIA PATANE and/or MISIONA PATANE and used for the personal benefit of MISIONA PATANE, LAVINIA PATANE, and others whose identities are known and unknown to the Grand Jury.

24. It was further part of the scheme and artifice to defraud that, beginning in or around October 2016 and continuing until in or around December 2018, MISIONA PATANE falsely represented the cost of services and other expenses for J.F. to obtain large sums of money from the J.F. Trust.

25. It was further part of the scheme and artifice to defraud that MISIONA PATANE, aided and abetted by LAVINIA PATANE, used multiple bank accounts, including but not limited to, the two Cyprus bank accounts in the names of the P.S. Foundation, and P.S. and L.S., to obtain funds from the J.F. Trust.

26. It was further part of the scheme and artifice to defraud that, beginning in or around July 2017, J.F. traveled from the United States to Samoa to participate in a residential program located in Samoa, which was arranged for by MISIONA PATANE.

27. It was further part of the scheme and artifice to defraud that, on or around June 2017 and continuing through December 2018, MISIONA PATANE fabricated numerous false incidents about J.F., fabricated or exaggerated expenses related to J.F.'s

care, and created false documents and sent email communications purporting to be from third-parties to support the alleged expenses.

28. It was further part of the scheme and artifice to defraud that MISIONA PATANE falsely represented to be an employee of the residential program in Samoa in email communications with J.F.'s guardians and a financial advisor of the J.F. Trust for the purpose of obtaining money from the J.F. Trust.

29. It was further part of the scheme and artifice to defraud that MISIONA PATANE falsely represented to be P.S. in email communications with J.F.'s guardians and a financial advisor of the J.F. Trust for the purpose of obtaining money from the J.F. Trust.

30. It was further part of the scheme and artifice to defraud that MISIONA PATANE removed J.F. from the residential program in Samoa in or around January 2018 without the knowledge of at least one of J.F.'s guardians, but kept J.F. in Samoa for the purpose of obtaining more money from the J.F. Trust.

31. It was further part of the scheme and artifice to defraud that, beginning in or around August 2017 and continuing through January 2019, MISIONA PATANE, acting as himself and as other individuals, both real and fictitious, falsely claimed that J.F. was required to remain in Samoa pursuant to court orders and the threat of arrest if he attempted to return to the United States.

32. J.F. remained in Samoa until on or about February 2019.

## Counts 1-2
## 18 U.S.C. § 1344
## (Bank Fraud)

33. All of the allegations set forth above are incorporated herein by reference and

realleged as though fully set forth herein.

34. Beginning in and around April 2015 and continuing through May 2020, in the Central Division of the District of Utah and elsewhere,

**MISIONA PATANE and
LAVINIA PATANE,**

defendants herein, aided and abetted by each other and others known and unknown to the Grand Jury, willfully and knowingly, did execute and attempt to execute, a scheme and artifice to defraud Cyprus Credit Union, a financial institution as defined in 18 U.S.C. § 20, or to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of Cyprus Credit Union, by means of false and fraudulent pretenses, representations, and promises, and omissions.

35. In executing and attempting to execute the scheme and artifice to defraud, the defendants provided or caused to be provided to Cyprus Credit Union, fraudulent documents, forged signatures, and false communications purporting to authorize the opening and use of bank accounts for the following entity and individuals:

| COUNT | DATE (on or about) | PURPORTED ACCOUNT OWNER | CYPRUS ACCOUNT # |
|---|---|---|---|
| 1 | April 2015 through August 2019 | P.S. Foundation, with joint owners LAVINIA PATANE, P.S., and a third person whose identity is known to the Grand Jury | XX-6208 |
| 2 | April 2015 through August 2019 | P.S. and L.S. | XX-8267 and XX-3347 |

All in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2(b)

## Counts 3-6
## 18 U.S.C. § 1343
## (Wire Fraud)

36. All of the allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

37. On or about the dates listed below, in the Central Division of the District of Utah and elsewhere,

**MISIONA PATANE**

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, for the purpose of executing said scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs and signals, that is, an interstate wire, as represented below, each such use of wire communication being a separate count of this Indictment:

| COUNT | DATE (on or about) | USE OF INTERSTATE WIRES | DESCRIPTION |
|---|---|---|---|
| 3 | 02/08/2017 | Email communication purportedly from victim P.S. to P.S.'s tax preparer | Directing tax preparer to send P.S.'s and L.S.'s personal tax refunds to Cyprus account purportedly owned by P.S. and L.S. |
| 4 | 09/21/2017 | Email communication from MISIONA PATANE to the financial advisor of the J.F. Trust, copying J.F.'s guardians, forwarding an email purporting to be from an employee of the residential program in Samoa | Outlining the need and recommendation for $170,000 to pay for a security compound to house J.F. |
| 5 | 10/31/2017 | Email communication from MISIONA PATANE to the | Outlining the need for $130,000 to be paid for an |

9

| | | financial advisor of the J.F. Trust and J.F.'s guardians, forwarding an email purporting to be from victim P.S. with an attachment | alleged government audit into the P.S. Foundation as a result of services provided to J.F. |
|---|---|---|---|
| 6 | 11/21/2017 | Email communication from MISIONA PATANE to the financial advisor of the J.F. Trust and J.F.'s guardians, forwarding an email purporting to be from victim P.S. with an attachment | Outlining the need for $115,995 to be paid as a result of an alleged government audit into the P.S. Foundation for services provided to J.F. |

All in violation of 18 U.S.C. § 1343.

## Counts 7-9
## 18 U.S.C. § 1957
## (Money Laundering)

38.   All of the allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

39.   On or about the dates enumerated in each count below, in the Central Division of the District of Utah, and elsewhere,

**MISIONA PATANE and
LAVINIA PATANE**

defendants herein, aided and abetted by each other and others known and unknown to the Grand Jury did knowingly engage and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000.00, and were derived from the specified unlawful activity of Wire Fraud as alleged above, in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 7 | 09/29/2017 | $160,000 transfer from the P.S. Foundation's Cyprus account (account number XX-6208) to defendant MISIONA PATANE's Cyprus account (account number XX-8570). |
| 8 | 11/06/2017 | $130,000 transfer from the P.S. Foundation's Cyprus account (account number XX-6208) to defendant MISIONA PATANE's Cyprus account (account number XX-8570). |
| 9 | 11/27/2017 | $116,000 transfer from the P.S. Foundation's Cyprus account (account number XX-6208) to defendant MISIONA PATANE's Cyprus account (account number XX-8570). |

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(b).

## Counts 10-15
## 18 U.S.C. § 1028A
## (Aggravated Identity Theft)

40. All of the allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

41. On or about the dates set forth below, in the Central Division of the District of Utah and elsewhere,

**MISIONA PATANE**

defendant herein, during and in relation to a felony violation, to wit, Bank Fraud in violation of 18 U.S.C. § 1344, and Wire Fraud in violation of 18 U.S.C. § 1343, knowingly attempted to and did, without lawful authority, transfer, possess and use a means of identification of another person, each instance described below being a separate violation of Title 18, United States Code, Section 1028A:

11

| Count | Date (on or about) | Means of Identification | Victim | Predicate Count(s) |
|---|---|---|---|---|
| 10 | April 2015 through June 2015 | Name, Email address, Forged Signature, Government-issued Driver's License | P.S. | 1 |
| 11 | April 2015 through June 2015 | Name, Forged Signature, Government-issued Driver's License | P.S. and L.S. | 2 |
| 12 | 02/08/2017 | Name, Email Address | P.S. | 3 |
| 13 | 09/21/2017 | Name, Email Address | B.M | 4 |
| 14 | 10/31/2017 | Name, Email Address | P.S. | 5 |
| 15 | 11/21/2017 | Name, Email Address | P.S. | 6 |

All in violation of 18 U.S.C. § 1028A(a)(1).

## Count 16
## 18 U.S.C. § 1201
## (Kidnapping)

42. The allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

43. From on or about January 30, 2018, and continuing through on or about January 2019, defendant MISIONA PATANE unlawfully and knowingly seized, confined, inveigled, decoyed, kidnapped, abducted or carried away and held for ransom, reward, or otherwise, victim J.F., and in committing the offense and in furtherance of the commission of the offense, defendant MISIONA PATANE did willfully travel in interstate or foreign commerce or used a means, facility, and instrumentality of interstate or foreign commerce.

All in violation of 18 U.S.C. § 1201(a).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of any offense violating 18 U.S.C. § 1344, the defendants shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendants for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. §§ 1201 and/or 1343, the defendants shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendants for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendants for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

ANDREA T. MARTINEZ
Acting United States Attorney

_____
JENNIFER K. MUYSKENS
Assistant United States Attorney